J-S63017-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ERNEST L. MORRISON, | |
| Appellant | No. 175 EDA 2016 |

Appeal from the PCRA Order December 11, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003258-2007

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED OCTOBER 21, 2016**

Appellant, Ernest L. Morrison, appeals from the order denying his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court set forth the relevant facts and procedural history of this matter as follows:

> On July 23, 2007, [Appellant] entered a negotiated [plea of] guilty to first degree murder and this court imposed a mandatory life sentence. Per the plea agreement, the Commonwealth did not seek [the] death penalty, and [Appellant] agreed to file no appeals or post-sentence motions.
>
> Despite this agreement, which was made part of the record, [Appellant] filed a *pro se* PCRA petition, alleging that his guilty plea was not made knowingly, voluntarily and intelligently.

_____

[*]  Former Justice specially assigned to the Superior Court.

- 1 -

PCRA counsel was appointed and subsequently filed an amended petition requesting that [Appellant's] appeal rights be reinstated *nunc pro tunc* because trial counsel did not file an appeal despite being instructed to do so. On January 21, 2010, after reviewing the record and pleadings, this court denied relief[1].

> [1] Prior to dismissing the PCRA petition, this court sent a twenty (20) day Notice of Intent to Dismiss pursuant to Pa.R.Crim.P. 907.

[Appellant] filed an appeal in the Pennsylvania Superior Court. On February 11, 2011, the Superior Court affirmed this court's Order denying PCRA relief. Commonwealth v. Morrison, No. 435 EDA 2010. [Appellant] did not seek allocator in the Pennsylvania Supreme Court.

[Appellant] filed a second *pro se* PCRA petition on August 23, 2012, and an amended petition on October 7, 2015. On December 11, 2015, after reviewing the record and pleadings, this court dismissed the instant PCRA petition as untimely[2]. This timely *pro se* appeal follows[3].

> [2] Prior to dismissing the PCRA petition, this court sent a twenty (20) day Notice of Intent to Dismiss pursuant to Pa.R.Crim.P. 907.
>
> [3] Petitioner did not file his appeal with the County Clerk. Rather, he sent a *pro se* Notice of Appeal and a 1925(B) Statement directly to judicial chambers.

PCRA Court Opinion, 1/11/16, at 1-2.[1]

---

[1] While the PCRA court notes in its opinion that Appellant mailed his notice of appeal directly to the PCRA court's chamber, the notice of appeal lists the PCRA court, the District Attorney, and the Clerk of Courts on the certificate of service. Notice of Appeal, 1/7/16, Certified Record at Docket Entry 19. It is unclear from the record whether it was the PCRA court that forwarded Appellant's notice of appeal to the First Judicial District's Criminal Appeals Unit, or whether Appellant mailed a copy directly. Nevertheless, the record reflects that, ultimately, the notice of appeal was properly and timely filed. Additionally, we observe that the PCRA court did not direct Appellant to file a
*(Footnote Continued Next Page)*

On appeal, Appellant purports to raise the following issues for this Court's consideration, which we reproduce, *verbatim*, below:

1) DID DEFENSE COUNSEL INTENTIONALLY PROVIDE DEFICIENT PERFORMANCE TO PREJUDICE HIS CLIENTS CASE BY SANDBAGGING THE CONSTITUTIONAL REQUIREMENTS UNDER THE SIXTH AMENDMENT

2) IS PETITIONER ENTITLED TO REINSTATEMENT OF HIS APPELLATE RIGHTS WHERE DEFAULT WAS DUE TO CONSTITUTIONALLY INEFFECTIVE ASSISTANCE OF APPOINTED COUNSEL IN VIOLATION OF PETITIONER'S RIGHTS UNDER THE PENNSYLVANIA AND UNITED STATES CONSTITUTION

Appellant's Brief at iii.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. **Commonwealth v. Phillips**, 31 A.3d 317, 319 (Pa. Super. 2011) (citing **Commonwealth v. Berry**, 877 A.2d 479, 482 (Pa. Super. 2005)). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Id**. (citing **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001)).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not

*(Footnote Continued)* _____

Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Rather, Appellant attached this document to his notice of appeal.

- 3 -

ignore it in order to reach the merits of the petition. ***Commonwealth v. Cintora***, 69 A.3d 759, 762 (Pa. Super. 2013). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[2] A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the

_____

[2] The exceptions to the timeliness requirement are:

(i)   the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)   the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). *Carr*, 768 A.2d at 1167.

Our review of the record reflects that Appellant was sentenced on July 23, 2007. Appellant did not file a direct appeal, and therefore, his judgment of sentence became final thirty days later on August 22, 2007. Pa.R.A.P. 903. Thus, Appellant had until August 22, 2008, to file a timely PCRA petition. 42 Pa.C.S. § 9545(b)(3).

On July 18, 2008, Appellant filed a timely first PCRA petition. Counsel was appointed, and counsel filed an amended PCRA petition on July 29, 2009. On January 21, 2010, the PCRA court denied Appellant's PCRA petition. On February 12, 2010, Appellant filed a timely notice of appeal, and this Court affirmed the PCRA court's order denying Appellant's PCRA petition on February 7, 2011. *Commonwealth v. Morrison*, 435 EDA 2010, 24 A.3d 446 (Pa. Super. filed February 7, 2011) (unpublished memorandum).

More than nineteen months after this Court affirmed the PCRA court's order denying Appellant's first PCRA petition, Appellant filed his second PCRA petition on August 23, 2012. As we noted above, however, Appellant had until August 22, 2008, to file a timely PCRA petition. 42 Pa.C.S. § 9545(b)(3). Thus, Appellant's instant PCRA petition is patently untimely.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2).

In his brief, Appellant argues only that he is eligible for relief because of his diminished capacity and the cumulative ineffectiveness of prior counsel. Appellant's Brief at 1-5. However, Appellant failed to plead, much less prove, an exception to the PCRA's timeliness requirement. Accordingly, Appellant's PCRA petition was untimely, and no exceptions apply.

Consequently, because the instant PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the claims presented and grant relief. *See Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007)

("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").[3]

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/21/2016

---

[3] We note that in Appellant's underlying PCRA petition, he claimed that he was entitled to PCRA relief pursuant to **_Miller v. Alabama_**, 132 S.Ct. 2455 (2012). PCRA Petition, 8/23/12, Certified Record at Docket Entry 14. In **_Miller_**, the United States Supreme Court held that mandatory sentences of life imprisonment without possibility of parole imposed upon individuals who were juveniles at the time they committed the murder were unconstitutional. However, we need not delve into this issue any further than to observe that Appellant abandoned this issue on appeal. Moreover, **_Miller_** is inapplicable because Appellant was thirty-seven years old and not a juvenile on January 13, 2007, when he committed the murder.